IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID F. POLLOCK, as Executor )
of the Estate of Margaret F. )
Pollock, JOHN T. DIBIASE, JR., )
JOHN S. FRAYTE, PATRICIA L. )
CHRISTOPHER, LOUIS A. VECCHIO )
and BESSIE P. VECCHIO, BARBARA )
A. MORRIS, GENE M.VIRGILI and )
ERIN R. VERGILI, LLOYD R. SHAFFER, )
III, on Behalf of Themselves ) Civil Action No. 10-1553
and All Others Similarly Situated )
 )
            Plaintiffs, )
 )
    v. )
 )
ENERGY CORPORATION OF AMERICA, )
 )
           Defendant )

O R D E R

On March 4, 2011, the Plaintiffs filed an amended complaint in the above-captioned case. On June 27, 2011, and after a motion to dismiss was submitted by Defendant Energy Corporation of America ("Defendant" or "ECA"), a Report and Recommendation was filed by the United States Magistrate Judge. On July 11, 2011, the Plaintiffs filed objections to the Report and, on July 22, 2011, Defendant filed a response thereto. The Plaintiffs filed a reply to the response on July 28, 2011.

In objections 1, 2, 5, 6,and 7, the Plaintiffs assert that the magistrate judge's Report misinterpreted and misapplied

the holding in Kilmer v. Elexco Land Services, 990 A.2d 1147 (Pa. 2010). Plaintiffs specifically contend that: 1) the magistrate judge read Kilmer as holding that all the costs deemed deductible in the Kilmer leases are likewise deductible in all Pennsylvania oil/gas leases; 2) the Report failed to consider that Kilmer allows parties to negotiate lease terms concerning deductible costs; 5 & 6) unless the lease provides to the contrary, Kilmer authorizes only deductions of costs of transportation, processing or manufacturing; and 6 & 7) while the leases at issue provide for a royalty based upon net proceeds or net price, they do not specify what costs can be deducted to arrive at the net.

As to these objections, the Plaintiffs have overstated the extensiveness of the Report. First, the Report does not hold that the Kilmer-approved deductions are deductible in every Pennsylvania oil/gas lease. To the contrary, the Report concluded that the language of the leases germane to this litigation intended that the royalties were to be calculated utilizing the net-back method, as authorized by the holding in Kilmer, 990 A.2d at 1149. Under this method, the starting point of the calculation is the point of sale. Thus, as stated in the Report, "[g]as that does not make it to that destination . . . cannot be considered in the calculation." Report at 14. Further, the Report did not make any recommendation concerning

negotiated terms or deductible costs, as ECA's Kilmer argument was limited to whether that decision foreclosed the Plaintiffs' claim for royalties for lost gas. The question of what costs are deductible under the leases is yet to be litigated.

The Report's silence on the Plaintiffs' argument that ECA breached the leases by deducting an allocated share, rather than the actual amount of gas loss (objection 10) is understandable in light of the narrow nature of the Kilmer issue presented and discussed. Whether or not ECA correctly calculated the amount of gas subject to the royalties remains a viable claim in this lawsuit as Plaintiffs' request for an accounting survived ECA's motion to dismiss. That claim will allow the parties to contest whether the allocated share deduction was proper.

In objections 3 and 4, Plaintiffs note the language of the leases that grants ECA the right to use gas on the premises free of charge. They then urge that the application of canon of *expression unius et exclusion alterius* (the expression of one thing is the exclusion of the other) requires a conclusion that gas used on the leasehold is the only gas that ECA can use free of royalty, compelling ECA to pay royalties on lost gas. The legal maxim cited, however, is inapplicable. Free use of gas on the premises does not implicate the lease provision that royalties are calculated by the netback method – they are two

distinct provisions and concepts and are independently interpreted.

Plaintiffs' objection 8 refers to ECA's changing the language of its leases to specifically provide that it is not obligated to pay a royalty on lost or unaccounted for gas. This change, however, is not a relevant consideration when the legal task at hand is the interpretation of the specific leases at issue here.

In objection 9, Plaintiffs claim the industry standard is that the amount of gas sold should be identical to the amount measured at the wellhead, unless the lease expressly provides that gas lost or used between the wellhead and point of sale is royalty free. The court first observes that the word "should" is evocative of a permissive, rather than mandatory directive. Substantively, the objection is without merit because the leases here do specifically provide that that the starting point of the calculation for royalties is the amount of gas sold. To the extent the plaintiffs now wish to challenge whether the Defendant breached the prudent operator standard (see ECF No. 26 at3), by failing to exercise reasonable care in marketing leasehold gas, the Plaintiffs will need to seek leave to amend their complaint to include such a claim.

For these reasons, the Court finds that the Plaintiffs' objections are not meritorious.

AND NOW, this 18th day of August, 2011, after the plaintiffs filed their amended complaint in the above-captioned case, and after a motion to dismiss was submitted by Defendant Energy Corporation of America, and after a Report and Recommendation was filed by the United States Magistrate Judge granting the parties fourteen days after being served with a copy to file written objections thereto, and upon consideration of the objections filed by Plaintiffs and the Response filed by the Defendant and the Reply to the Response filed by the Plaintiffs, and upon independent review of the motions and the record, and upon consideration of the Magistrate Judge's Report and Recommendation (ECF No. 22), which is adopted as the opinion of this Court, as supplemented herein,

IT IS ORDERED that Defendant's motion to dismiss (ECF No. 14) is GRANTED in part and DENIED in part.

/s/ Joy Flowers Conti
United States District Judge