IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID F. POLLOCK, as Executor )
of the Estate of Margaret F. )
Pollock, JOHN T. DIBIASE, JR., )
JOHN S. FRAYTE, PATRICIA L. )
CHRISTOPHER, LOUIS A. VECCHIO )
and BESSIE P. VECCHIO, BARBARA )
A. MORRIS, GENE M.VIRGILI and )
ERIN R. VERGILI, LLOYD R. SHAFFER, )
III, STUART W. WHIPKEY, on Behalf )
of Themselves and All Others )
Similarly Situated ) Civil Action No. 10-1553
)
        Plaintiffs, )
)
    v. )
)
ENERGY CORPORATION OF AMERICA, )
)
        Defendant )

MEMORANDUM OPINION

Mitchell, J.

Presently before the Court is Plaintiffs' David F. Pollock's, et al. ("the Plaintiffs"), Motion for a Court-Ordered Accounting (Doc. # 29). For the reasons that follow, the motion is denied.

I. Factual and Procedural History

Plaintiffs are Pennsylvania landowners who entered into oil and gas leases with Defendant, Energy Corporation of America's ("ECA"). On March 4, 2011, Plaintiffs filed an

1

amended class action complaint against ECA for alleged underpayment of oil and gas royalties owed under the leases.

On March 28, 2011, ECA filed a motion to dismiss the amended complaint arguing that: 1) the claim that ECA took wrongful volumetric deductions is foreclosed by the Pennsylvania Supreme Court's decision in Kilmer v. Elexco Land Services, 605 Pa. 413, 990 A.2d 1147 (2010); 2) the amended complaint does not meet the pleading standards of Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 566 U.S. 662 (2009); 3) the amended complaint does not adequately plead an anticipatory defense of fraudulent concealment; and, 4) the prerequisites for an accounting claim have not been sufficiently pled.

On June 27, 2011, this Court filed a Report and Recommendation ("R&R") recommending that the motion be granted as to Plaintiffs' claims for recovery related to gas used or lost before the point of sale. It was also recommended that the remainder of ECA's motion was denied, including ECA's argument that Plaintiffs had failed to adequately plead a claim for legal accounting. On August 22, 2011, the Court entered an order granting in part and denying in part ECA's motion to dismiss. Relevant to this matter, the Court determined that Plaintiffs' accounting claim survived ECA's motion to dismiss.

On September 6, 2011, Plaintiffs filed a motion for a

Court-Ordered Accounting averring that it is entitled to both a legal and equitable accounting from ECA. ECA opposes the motion.

B. Discussion

1) Legal Accounting

Pa.R.Civ.P 1021(a) provides for the right to demand an accounting at law: "Any pleading demanding relief shall specify the relief to which the party deems himself entitled. Relief in the alternative or of several different types, including an accounting, may be demanded." "The right to relief in the form of an accounting pursuant to Rule 1021 is merely an incident to a proper assumpsit claim." Buczek v. First National Bank of Mifflintown, 531 A.2d 1122, 1123 (Pa. Super. 1987).

To establish a right to an accounting in a breach of contract case, plaintiffs must show that:

> (1) there was a valid contract, express or implied, between the parties whereby the defendant
>
> (a) received monies as agent, trustee or in any other capacity whereby the relationship created by the contract imposed a legal obligation upon the defendant to account to the plaintiff for monies received by the defendant, or
>
> (b) if the relationship created by the contract between the plaintiff and defendant created a legal duty upon the defendant to account and the defendant failed to account and the plaintiff is unable, by reason of the defendant's failure to account, to state

3

the exact amount due him, and

    (2) that the defendant breached or was in dereliction of his duty under the contract.

McGough v. Broadwing Communications, Inc., 177 F.Supp.2d 289, 301 (D.N.J. 2001) (quoting Haft v. Unites States Steel, 499 A.2d 676, 677-78 (Pa. Super. 1985)).

At this stage of the proceedings, there has not been a determination that ECA either breached or was in dereliction of its duty under the leases. The Court's prior conclusion that, accepting their allegations as true, Plaintiffs' claim for an accounting survived ECA's motion to dismiss, was not an adjudication on the merits of the contract dispute. Therefore, Plaintiffs' entitlement to a legal accounting is not yet cognizable and will be denied.

    2) Equitable Accounting

Plaintiffs also contend that they are entitled to equitable accounting under Kilmer v. Elexco Land Services, Inc., 605 Pa. 413, 990 A.2d 1147 (2010). Although Plaintiffs' accounting claim has previously been characterized and analyzed as a demand for a legal accounting, if Plaintiffs are, in the alternative, requesting an equitable accounting, this claim is likewise premature.

Under Pennsylvania law, "equitable accounting is

improper where no fiduciary relationship exists between the parties, no fraud or misrepresentation is alleged, the accounts are not mutual or complicated, or the plaintiff possesses an adequate remedy at law." Schirmer v. Principal Life Insurance Co., Civil Action No. 08-cv-2406, 2008 WL 4787568, at * 4 (E.D.Pa. October 29, 2008)(quoting Rock v. Pyle, 720 A.2d 137, 142 (Pa. Super. 1998)). "Equitable jurisdiction for an accounting does not exist merely because the plaintiff desires information that he could obtain through discovery." Buczek, 531 A.2d at 1124.

It is yet to be determined if Plaintiffs herein have an adequate remedy at law as the breach of contract claims have not been resolved. Since Plaintiffs are currently unable to prove this required element, their motion for an equitable accounting must be denied.

### III. Conclusion

For the reasons stated, Plaintiffs' Motion for a Court-Ordered Accounting (Doc. # 29) is denied. An appropriate Order will be entered.

Dated:  November 29, 2011

                                            s/Robert C. Mitchell
                                            Robert C. Mitchell
                                            U.S. Magistrate Judge