IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID F. POLLOCK, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-1553 |
| | ) | |
| ENERGY CORPORATION OF AMERICA, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

### I. INTRODUCTION

Presently before the Court is plaintiffs' motion to compel certain discovery requests of defendant. [ECF No. 148]. For the following reasons, plaintiffs' motion is granted in part and denied in part as set forth below.[1]

Because the facts are well known by the parties, the Court will recount only necessary facts for the purposes of determining this motion. Plaintiffs are lessors of certain oil and gas leases with defendant, Energy Corporation of America ("ECA"). Plaintiffs claim that ECA underpaid their natural gas royalties by improperly deducting post-production costs (namely, interstate pipeline charges and marketing fees) that occurred after the first sale of gas. The Court certified the following class:

> All lessors on an oil and gas lease with Energy Corporation of
> America or Eastern American Energy Corporation that conveys oil
> and gas rights to real property in Pennsylvania and:

---

[1] Plaintiffs' motion to compel discovery is considered a non-dispositive motion and will be treated as such. *See* Fed. R. Civ. P. 72(a); *Paoli v. Stetser*, 2013 WL 2154393, at *1 (D.Del. May 16, 2013). Pursuant to Federal Rule of Civil Procedure 72(a), any party may serve and file objections to this Order within fourteen days after being served with a copy.

1

>   (1) the lessee deducted charges for interstate pipeline services between November 22, 2006 and March 26, 2012 (subclass one); and/or
>
>   (2) the lessee deducted marketing fees from royalties between November 22, 2006 and March 26, 2012 (subclass two).

*See* Order of 9/30/2013 [ECF No. 145].

Plaintiffs initiated class discovery shortly after the class was certified, and served upon defendant nine interrogatories and seven requests for production of documents. Defendant responded, and shortly thereafter, plaintiffs informed defendant that the responses were insufficient, to which defendant maintained that its responses were proper. This motion followed.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(1), a party may

> obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). A party may serve interrogatories relating to matters within the scope of Rule 26(b), and the responding party "must furnish the information available to the party." *See* Fed. R. Civ. P. 33(a); Fed. R. Civ. P. 33(b)(1)(B). If the party receives responses to interrogatories it believes are incomplete, inadequate or evasive, a party may request the court to compel additional disclosure or discovery. Fed. R. Civ. P. 37(a)(4).

The complaint and the claims therein define the scope of discovery, *McClendon v. Pearson*, 2011 WL 2014816, at *2 (W.D.Pa. May 23, 2011), and the district court has "broad discretion to manage discovery." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir.

1995). It is "well recognized that the Federal Rules permit broad and liberal discovery." *Rhoads v. Young Women's Christian Ass'n of Greater Pittsburgh*, 2009 WL 3319820, at *4 (W.D.Pa. Oct. 14, 2009) (citing *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999)). This broad scope "is necessary given the very nature of litigation where determinations of relevance for discovery purposes are made well in advance of trial. Those facts which, at the progression of discovery, are not to be considered in determining the ultimate issues may be eliminated in due course." *In re Gateway Engineers, Inc.*, 2009 WL 3296625, at *3 (W.D.Pa. Oct. 9, 2009) (citations omitted). Although the scope of discovery is liberal, it is not limitless. *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). At the discovery stage, the discovery requested may be wide-ranging because under Rule 26(b)(1), "relevance is a broader inquiry at the discovery stage than at the trial stage." *In re Gateway Engineers, Inc.*, 2009 WL 3296625, at *2. Under Rule 26(a), a district court is permitted "to fashion a set of limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests . . . that might be harmed by the release of the material sought." *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000).

Where, as here, the defendant challenges the relevance of discovery, the burden first rests with plaintiff to articulate that the material sought is relevant. *See Young v. Pleasant Valley Sch. Dist.*, 2011 WL 3678691, at *1 (M.D.Pa. Aug. 20 2011). If plaintiff makes such a showing, the burden shifts to defendant to "demonstrate in specific terms why a particular request is improper." *Huertas v. Beard*, 2012 WL 3096430, at *2 (W.D.Pa. July 30, 2012). For discovery purposes, a matter is relevant if it relates to, or could reasonably relate to "any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978). Thus, the threshold for relevance is "relatively low" and "documents which are relevant to anything that

may relate to a matter at issue in the case will be ordered to be produced." *Khodara Envtl. II, Inc. v. Chest Twp.*, 2007 WL 2253606, at *1 (W.D.Pa. Aug. 3, 2007).

As to a party's objection to an interrogatory,

> the mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.

*Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D.Pa. 1980)). As to requests for production of documents, a party's request for an extensive quantity of material does not by itself establish undue burden. *See Barton v. RCI, LLC*, 2013 WL 1338235, at *4 (D.N.J. Apr. 1, 2013). To the contrary, "imposing such a burden is proper where . . . the information is crucial to the ultimate determination of a crucial issue and where the location of the documents is best known by the responding party." *Id*.

    a. <u>Interstate Pipeline Charges</u>

Plaintiffs seek information regarding all of the charges incurred by defendant for all pipeline services from interstate pipeline companies. Defendant only provided plaintiffs with information regarding charges incurred for firm transportation. As to interstate pipeline charges, plaintiffs argue it is entitled to discovery information relevant to all charges paid by defendant to interstate pipeline companies for all pipeline services, and not only charges incurred under firm transportation service. Defendant responds that plaintiffs are only entitled to discover charges that defendant paid for firm transportation service, because, according to defendant, firm transportation charges were the only pipeline charges that defendant deducted from royalties, and providing information regarding other charges is not relevant because it was not deducted from

class members' royalties. Plaintiffs, however, believe that defendant recouped one-eighth of all pipeline charges from its royalty owners, not only one-eighth of the firm transportation charges. Plaintiffs aver that the charges may have been subsumed in the deductions taken under the umbrella term "transportation" or subsumed in the gas gathering deduction of $0.52 per dekatherm.

Plaintiffs' argument to compel supplemental responses to interrogatories one through five is the same for each, *i.e.*, that defendant failed to include all interstate charges and supplied responses as to the firm transportation charges, only one of many charges allegedly deducted from the class members' royalties. Therefore, the Court need not discuss each individual interrogatory as to the interstate pipeline charges because a determination that plaintiffs are entitled to discover documents relating to all of the interstate charges resolves all arguments in favor of plaintiff's motion to compel.

Given the relatively low threshold needed to show relevance, the court finds that the information sought by plaintiffs is relevant to the remaining claims in this case. Therefore, the burden shifts to defendant to articulate a reason why the interrogatories are improper. After reviewing defendant's responses to interrogatories and plaintiffs' arguments that such responses were not properly answered, the Court finds that plaintiffs' argument boils down to plaintiffs not believing defendant's sworn interrogatory responses based on other documents already disclosed in this case. The court does not find plaintiffs' argument persuasive and declines to compel defendant to supplement its responses to interrogatories. Defendant's responses to plaintiffs' interrogatories were complete, adequate and not evasive. Moreover, defendant properly supplemented its responses by making relevant documents available under Federal Rule of Civil Procedure 33(d).

However, the Court finds that plaintiffs are still entitled to discover unprivileged documents that may buttress its claims, given the broad scope of discovery the parties are entitled to at this stage. Plaintiffs' request to compel a supplemental response as to the request for production of documents is granted. Defendant only produced invoices and statements for only two interstate pipeline companies for only firm transportation or enhanced firm transportation services. Information regarding any type of service provided with respect to the gas produced under the class members' leases is relevant and could lead to admissible evidence that supports plaintiffs' claim that defendant recouped one-eighth of all charges from the class members and improperly allocated charges to plaintiffs' royalties.

Accordingly, plaintiffs' motion to compel supplemental responses to their interrogatories is denied, and plaintiffs' request to compel supplemental responses to plaintiffs' request for production of documents is granted. Defendant is ordered to furnish plaintiffs with the following documents with respect to the class during the damage period:

1. Copies of all agreements between ECA and any interstate pipeline company under which any service under any Rate Schedule;

2. Copies of all invoices and statements from any interstate pipeline company that state any amounts billed to ECA for any type of service provided;

3. Copies of all documents showing any payment by ECA to any interstate pipeline company for any type of service;

4. Copies of all documents showing or reflecting the dollar amount of interstate pipeline charges deducted from class member royalties.

b. Marketing Fees

As to the requested discovery regarding marketing fees, plaintiffs seek information

concerning marketing fees deducted from class members' royalties for the damage period. Defendant claims that the amount of marketing fees deducted was approximately $810,000. Plaintiffs argue that this amount is incorrect given certain gas control statements that show during a one-month period that defendant deducted $57,261 in marketing fees for only two of the interstate receipt points. Therefore, plaintiffs seek supplemental responses to interrogatories six through nine and production of all gas control statements for all pipeline receipt meters in Pennsylvania for the damage period. Defendant responds that they have agreed to provide plaintiffs with copies of all gas control statements for the damage period since the filing of the motion to compel. Plaintiffs do not contest this assertion.

After a review of interrogatories pertaining to the marketing fees and responses thereto, the court finds that defendants properly responded to the interrogatories, and any supplemental response sought will be resolved by a review of the gas control statements, which defendant has consented to produce.

Accordingly, plaintiffs' motion to compel supplemental responses to the interrogatories regarding marketing fees is denied, and plaintiffs' motion to compel the gas control statements is dismissed as moot. To the extent that defendant has not furnished the gas control statements, it is ordered that defendant shall do so by February 25, 2014.

An appropriate Order follows.

## **O R D E R**

AND NOW, this 11th day of February, 2014, upon review of plaintiffs' motion to compel discovery [ECF No. 148], plaintiffs' brief in support [ECF No. 149], defendant's brief in opposition [ECF No. 152], plaintiffs' reply [ECF No. 153], and defendant's sur-reply [ECF No. 154-2], it is hereby **ORDERED** that said motion is **GRANTED IN PART** and **DENIED IN**

**PART** as follows:

Plaintiffs' motion to compel supplemental responses to interrogatories one through nine is **DENIED**;

Plaintiffs' motion to compel supplemental responses to plaintiffs' request for production of documents one through four is **GRANTED**. Said documents shall be provided to plaintiff by February 25, 2014;

Plaintiffs' motion to compel supplemental responses to plaintiffs' request for production of documents five through seven is dismissed as moot. If defendant has not done so as of the date of this order, it shall provide plaintiffs, on or before February 25, 2014, with copies of the requested gas control statements for the damage period.

By the Court,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: all counsel of record via CM/ECF electronic filing