IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID F. POLLOCK, *as executor of the estate of Margaret F. Pollock,* JOHN T. DIBIASE, JR., JOHN S. FRAYTE, STUART W. WHIPKEY, PATRICIA L. CHRISTOPHER, LOUIS A. VECCHIO and BESSIE P. VECCHIO, BARBARA A. MORRIS; GENE M. VIRGILI and ERIN R. VIRGILI, and LLOYD R. SHAFFER, III, *on behalf of themselves and all others similarly situated,*<br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>ENERGY CORPORATION OF AMERICA,<br>　　　　　　　Defendant. | Civil Action No. 10-1553<br><br>Magistrate Judge Robert C. Mitchell |

## MEMORANDUM OPINION[1]

ROBERT C. MITCHELL, United States Magistrate Judge.

### I.　INTRODUCTION

Presently before the Court for disposition are the following motions:

(1)　Defendant ECA's Omnibus Motion in Limine [ECF No. 176]; and

(2)　Plaintiffs' Omnibus Motion in Limine [ECF No. 179].

The motions are fully briefed and ripe for disposition.

### II.　BACKGROUND

Because the factual background of this case has been discussed extensively in prior opinions issued by the Court, *see Pollock v. Energy Corp. of America*, 2013 WL 5338009 (W.D.Pa. Sept. 16, 2013) *adopted by* 2013 WL 5491736 (W.D.Pa. Sept. 30, 2013) (decision on

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

class certification); *Pollock v. Energy Corp. of America*, 2012 WL 6929174 (W.D.Pa. Oct. 24, 2012) adopted by 2013 WL 275327 (W.D.Pa. Jan. 24, 2013) (decision on motion for summary judgment); *Pollock v. Energy Corp. of America*, 2011 WL 3667289 (W.D.Pa. June 27, 2011) adopted by 2011 WL 3667385 (W.D.Pa. Aug. 22, 2011) (decision on motion to dismiss), only the facts necessary for the disposition of the present motions will be recounted.

Generally, the named Plaintiffs are class representatives who entered into oil and gas leases with Defendant, Energy Corporation of America, ("ECA"), a company engaged in the production of oil and gas. Plaintiffs claim that ECA underpaid royalties in various ways including deducting interstate transportation charges and marketing charges from Plaintiffs' royalties when such charges were not incurred by ECA or incurred after the gas was sold by ECA The Court certified two subclasses with respect to Plaintiffs' claims:

> All lessors on an oil and gas lease with Energy Corporation of America or Eastern American Energy Corporation that conveys oil and gas rights to real property in Pennsylvania, and
>
> (1) the lessee deducted charges for interstate pipeline services between November 22, 2006 and March 26, 2012 (subclass one) and/or
>
> (2) the lessee deducted marketing fees from the royalties between November 22, 2006 and March 26, 2012 (subclass two).

Order of 9/30/2013 [ECF No. 145]. While the Plaintiffs' lease provisions are not identical, the leases all generally provide that the Plaintiffs are entitled to a royalty of one-eighth of the net proceeds received from the sale of gas.

The Court has previously granted Plaintiffs' summary judgment for interstate transportation charge deductions that were incurred after ECA transferred title of the gas to third

party purchasers at the five points where the gas is received into the interstate pipeline system. Rep. and Rec. [ECF No. 92] at 29, *adopted by* Memo. Order [ECF No. 103]. The Court found:

> [T]he proper inquiry is the point at which the gas is sold, and not . . . whether ECA actually incurred the interstate pipeline transportation costs. On this point, it is undisputed EMCO buys the gas from ECA. It is also undisputed that, under the terms of the Gas Purchase/Sales Contract, ECA retains title to the gas until it passes to third party purchasers at the five points where the gas is received into the interstate system. Thus the gas is "sold" at these points and ECA cannot recover costs incurred thereafter.

*Ibid*. The Court found that "the significant event concerning the ownership of the gas is the point at which title passes" and ECA is entitled to show at trial that it incurred the transportation expenses while it held title to the gas. ECF No. 103 at 5-6.

With respect to the marketing charges deducted from Plaintiffs' royalties, the Court has previously addressed the issue of whether the Pennsylvania Supreme Court's decision in *Kilmer v. Elexco Land Servs.*, 990 A.2d 1147 (Pa. 2010) allows marketing cost deductions from royalties and which entity, ECA or its marketing subsidiary, EMCO, actually incurred the marketing costs. *See* Rep. and Rec. [ECF No. 92] at 18, *adopted by* Memo. Order [ECF No. 103]. It was previously explained that *Kilmer* defined a "royalty" in the natural gas industry as the "landowner's share of production, free of expenses of production." *Ibid*. (citations omitted). Expenses from production include those "costs incurred in drilling wells and bringing the product to the surface, *but exclude the post-production costs of transporting the oil/gas from the wellhead to the point of sale*." *Ibid*. (citing *Kilmer*, 990 A.2d at 1157) (emphasis added). The Court found that under *Kilmer*, post-production costs properly deducted from royalties include marketing costs and transportation charges. *Ibid*.

The Court ultimately denied ECA's motion for summary judgment on the question of whether it was proper for ECA to deduct marketing costs as a post-production cost from the

3

Plaintiffs' royalties and found that the nature of the transactions governed by the contract between ECA and EMCO is ambiguous because while the Gas Purchase/Sales Contract described EMCO as the buyer of the gas, it also provides that EMCO never holds title to the gas. *Ibid*. at 23. Additionally, the Court found that a dispute existed as to "whether the post-formation behavior of the parties constituted an oral modification of the contract." *Ibid*.

Therefore, to prevail on their claims, Plaintiffs must prove that ECA deducted from the Plaintiffs' royalties marketing and interstate transportation charges after title for the gas had passed to the buyer of the gas.

### III. DISCUSSION

Because the parties' motions present several grounds for exclusion of evidence, each motion will be addressed separately along with the grounds they seek to exclude evidence.

In general, a motion in limine "is defined as '[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters . . . prejudicial to the moving party,' and the '[p]urpose of such motion is to avoid injection in to trial of matters which are irrelevant, inadmissible, and prejudicial[.]'" *Emcore Corp. v. Optium Corp.*, Civ. No. 07-326, 2009 WL 3381809, at *1 (W.D.Pa. Oct. 16, 2009) (quoting Black's Law Dictionary 1013 (6 ed. 1990)). *See also Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (a motion in limine's purpose is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."). A motion in limine may not be used to "argue the weight of the evidence." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, Civ. No. 09-290, 2012 WL 5451495, at *2 (W.D.Pa. Nov. 7, 2012).

Only relevant evidence is admissible. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Evidence is relevant if: "it has any tendency to make a fact more or less probable

than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if "its probative value is substantially outweighed by danger of . . . unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

A. Plaintiffs' Motions in Limine

As a preliminary matter, Plaintiffs withdraw their motions in limine two through seven related to testimony, evidence and argument that EMCO deducted interstate transportation charges and marketing fees from the payments by the third party buyers, that the deductions for interstate pipeline charges and marketing fees were not reflected in Plaintiffs' gas royalty statements, that EMCO paid ECA the net price paid by the third party buyers, that the interstate pipeline companies submitted invoices to EMCO for the interstate transportation or that EMCO paid such charges, that EMCO submitted invoices to ECA for gas marketing services, and that ECA Paid EMCO Marketing Fees. *See* Pls.' Reply Br. [ECF No. 202]; Pls.' Supp. to Reply Br. [ECF No. 212]. Therefore, such issues will not be discussed herein.

The remaining issues for discussion are Plaintiffs' motion in limine to preclude testimony, evidence and argument that the third party buyers paid EMCO for the Gas, and that the $0.15 marketing fees was for ECA's marketing of the gas to EMCO and not for EMCO's marketing of the gas to the third party buyers. Each issue will be addressed separately.

*1. Motion to Preclude Testimony, Evidence and Argument that the Third Party Buyers Paid EMCO for the Gas.*

Plaintiffs move this Court to exclude testimony, evidence and argument that the third party buyers of the gas paid EMCO and not ECA for the Gas and point to deposition testimony by Randall Farkosh, a Defendant witness, in which he stated that third party buyers of the gas made payments directly to ECA and not EMCO. *See* Pls.' Br. in Supp. of Mot. in Limine [ECF

5

No. 180] at 5.

Defendant responds that the third party buyers of the gas did direct their payments into an ECA account, but ECA was only entitled to the proceeds of the gas sales as calculated under the pricing provisions of the ECA/EMCO contract. Def.'s Resp. to Pls.' Mot. in Limine [ECF No. 189] at 2.

Primarily, Plaintiffs offer no legal basis for excluding this evidence. To the extent that Plaintiffs argue that it is irrelevant or prejudicial, the Court finds that such evidence is relevant and not prejudicial. The Court has previously held that material issues of fact exist regarding these exact issues. The Court will not preclude Defendant from setting forth material and relevant facts in support of its defense. Therefore, Plaintiffs' motion in limine is denied in this respect.

> 2. *Motion to Preclude Testimony, Evidence and Argument that the $0.15 Marketing Fee was for ECA's Marketing of the Gas to EMCO and not for EMCO's Marketing of the Gas to the Third Party Buyers.*

Next, Plaintiffs move to preclude testimony, evidence and argument that the $0.15 marketing fee was for ECA's marketing of the gas to EMCO and not for EMCO's marketing of the gas to the third party buyers.

Defendant responds that the motion must be denied because this Court already held that there are genuine issues of material fact as to this claim and that there is record evidence that ECA marketed the gas through its marketing affiliate, EMCO, which sought buyers for ECA's gas. Def.'s Resp. to Pls.' Mot. in Limine [ECF No. 189] at 14.

Here, Plaintiffs again seek to preclude evidence relevant to Defendant's defense to Plaintiffs' marketing charges deduction claim. The Court has already denied summary judgment on the basis that material facts exist as to this claim – namely, the facts outlined above. The

evidence Plaintiffs seek to preclude is material and relevant and therefore will not be precluded.

Accordingly, Plaintiffs' motion in limine is denied.

B. <u>Defendant's Motions in Limine</u>

   1. *Motion to Preclude Expert Opinion and All Other Testimony, Evidence and Argument Regarding the Validity of the Price Paid for the Gas.*

First, Defendant argues that the Court should preclude any testimony, evidence or argument questioning the price that EMCO paid to ECA for the gas because the Court granted summary judgment to ECA on the Plaintiffs' pricing claim such that there is no pricing claim remaining in this case and any testimony would be irrelevant and inadmissible. Def.'s Br. in Supp. of Mot. in Lim. [ECF No. 178] at 3.

Plaintiffs respond that Defendant's motion should be denied because the validity of the price paid for the gas is relevant to where ECA transferred title to the gas, *i.e.*, at the pool or at the city gate as gas transferred at the pool is priced lower than gas transferred at the city gate.

To the extent that Plaintiffs seek to question the validity of the price paid for the gas, Defendant's motion is granted, as this Court has previously granted summary judgment in favor of Defendants as to Plaintiffs' pricing claim. However, the Court will not preclude Plaintiffs from using such evidence to establish where the gas was sold – at the pool or at the city gate – as it would establish where the title was transferred and thus relevant evidence to Plaintiffs' remaining claims.

Accordingly, Defendant's motion is granted in part and denied in part.

   2. *Motion to Preclude the Plaintiffs from Offering Testimony, Evidence or Argument Mixing Incompatible Liability Theories.*

Defendant next seeks to preclude Plaintiffs from offering testimony, evidence or argument which mixes incompatible liability theories. Specifically, Plaintiffs' expert, Julia

Bodamer, testified that in determining the price EMCO paid to ECA under their contract, EMCO subtracted the marketing and transportation expenses from the price that EMCO received from the third-party buyers, but her expert report treats EMCO's subtraction of those expenses from the price to be paid to ECA under their contract as if ECA were deducting the expenses from the Plaintiffs' royalties. Def.'s Br. in Supp. of Mot. in Lim. [ECF No. 178] at 5. Defendant also seeks to preclude testimony regarding EMCO's third-party buyers or referring to EMCO as the seller, and any deductions or costs that were taken into account in determining the price that EMCO paid to ECA.

Plaintiffs respond that this evidence is relevant to prove its theory that the third-party buyers of the gas paid ECA, that ECA transferred the gross proceeds received from third-party buyers to EMCO, and that EMCO netted out certain expenses and returned the net to ECA.

The Court agrees with Plaintiffs that this evidence is relevant and material in proving its remaining claims, as the sales to third party buyers show that they paid ECA and that ECA took deductions from the gross proceeds.

Accordingly, Defendant's motion in limine is denied.

> 3. *Motion to Preclude Certain Irrelevant, Confusing and Prejudicial Testimony, Evidence or Argument.*

Defendant moves to preclude testimony, evidence or argument (1) that ECA and EMCO had employees in common; (2) calling into question any intercompany accounting between ECA and EMCO; (3) that EMCO did not have a bank account; and (4) regarding distributions to ECA's equity holders.

Plaintiffs concede that any testimony, evidence or argument that EMCO did not have a bank account and regarding distribution to ECA's equity holders should be precluded. Therefore, Defendant's motion is granted in these respects.

With regard to ECA and EMCO having common employees or shared resources, Plaintiffs argue that this evidence is relevant as it establishes that deductions were taken by ECA through the agency of EMCO. The Court agrees that this evidence is relevant to prove the business relationship between ECA and EMCO and Defendant's motion is therefore denied in this respect.

With regard to calling into question any intercompany accounting between ECA and EMCO, Plaintiffs argue that intercompany accounting shows that the third parties paid ECA and that ECA took the deductions from those payments. To the extent that Defendant's argument involves the same subject matter to be addressed at the scheduled *Daubert* hearing, the Court will defer ruling on this point.

Accordingly, Defendant's motion is granted in part and denied in part.

> 4. *Motion to Preclude the Plaintiffs from Calling ECA executives John Mork and Donald Supcoe to Testify at Trial.*

Lastly, Defendant seeks to preclude Plaintiffs from calling two ECA executives, John Mork ECA's chief executive, and Donald Supcoe, an ECA senior officer, to testify at trial because these proposed witnesses have no personal, non-privileged knowledge of the facts relevant to the issues for trial, Plaintiffs have not shown that either proposed witness has unique or special knowledge of the facts at issue and there are no less burdensome means for obtaining the information sought such as obtaining said information from lower level employees. *Id*. at 8.

Generally, where a party seeks to compel the testimony of a high-ranking corporate official, the court should consider whether the corporate official has personal or superior unique knowledge of the facts at issue and whether the information could be obtained from lower level employees or through less burdensome means. *Reif v. CNA*, 248 F.R.D. 448, 450 (E.D.Pa. 2008) (collecting cases).

Plaintiffs respond that Mork executed checks from EMCO to ECA and therefore has personal knowledge of the EMCO bank account which is relevant to prove that the "net proceeds paid to ECA by EMCO from the account were paid to ECA by the third party buyers and transferred to EMCO so that EMCO could net out expenses and return the net to ECA." Pls.' Resp. to Def.'s Mot. in Limine [ECF No. 186] at 9-10. Additionally, Plaintiffs respond that Supcoe's testimony is necessary because he executed the Gas Purchase Confirmations on the gas sales from ECA to EMCO on behalf of ECA and therefore has personal knowledge of those gas sales, and Supcoe has personal knowledge of the nature of the business dealings between ECA and EMCO. *Id*. at 10.

The Court disagrees with Plaintiffs. Plaintiffs have not shown that either proposed witness has unique or special knowledge of the facts at issue and that there are not less burdensome means for obtaining the information sought. Plaintiffs have deposed, and intend on calling at trial ECA's Vice President of Accounting and ECA's Vice President of Marketing, each of which have extensively testified as to the ECA/EMCO Gas Purchase/Sale Contract and the dealings and relationship between ECA and EMCO. The fact that Plaintiffs never sought to depose Mork or Supcoe illustrates that they are not the only witnesses who have personal knowledge of the issues in this case, and does not illustrate that this is the least burdensome means for obtaining the information sought.

Accordingly, Defendant's motion in limine is granted.

## IV.  CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part the motions in limine. An appropriate Order follows.

By the Court,

/s Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge


cc: Robert C. Sanders, Esquire
William R. Caroselli, Esquire
*Counsel for Plaintiffs*

Kevin C. Abbott, Esquire
Justin H. Werner, Esquire
Nicolle R. Snyder Bagnell, Esquire
Stacey L. Jarrell, Esquire
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID F. POLLOCK, *as executor of the estate of Margaret F. Pollock,* JOHN T. DIBIASE, JR., JOHN S. FRAYTE, STUART W. WHIPKEY, PATRICIA L. CHRISTOPHER, LOUIS A. VECCHIO and BESSIE P. VECCHIO, BARBARA A. MORRIS; GENE M. VIRGILI and ERIN R. VIRGILI, and LLOYD R. SHAFFER, III, *on behalf of themselves and all others similarly situated,*<br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>ENERGY CORPORATION OF AMERICA,<br>　　　　　　　　Defendant. | Civil Action No. 10-1553<br><br>Magistrate Judge Robert C. Mitchell |

## ORDER

AND NOW, this 23rd day of February, 2015, the parties' motions in limine are hereby

**GRANTED IN PART** and **DENIED IN PART** as follows:

　　1.　　Plaintiffs' Omnibus Motion in Limine [ECF No. 179] is **DENIED**;

　　2.　　Defendant's Motion to Preclude Expert Opinion and All Other Testimony, Evidence and Argument Regarding the Validity of the Price Paid for the Gas is **GRANTED IN PART** and **DENIED IN PART**. To the extent that Plaintiffs seek to question the validity of the price paid for the gas, Defendant's motion is **GRANTED**. To the extent that Defendant seeks to preclude such evidence to establish where the gas was sold, Defendant's motion is **DENIED**;

　　3.　　Defendant's Motion to Preclude the Plaintiffs from Offering Testimony, Evidence or Argument Mixing Incompatible Liability Theories is **DENIED**;

　　4.　　Defendant's Motion to Preclude Certain Irrelevant, Confusing and Prejudicial Testimony, Evidence or Argument is **GRANTED IN PART** and **DENIED IN PART.** To the extent that Defendant seeks to exclude evidence that ECA and EMCO had common employees or shared resources, Defendant's motion is **DENIED**. To the extent that Defendant seeks to exclude evidence that EMCO did not have a bank account, and the distribution to ECA's equity holders, Defendant's motion is **GRANTED**. The Court defers ruling on the preclusion of evidence of intercompany accounting between

12

ECA and EMCO until the scheduled *Daubert* hearing;

5. Defendant's Motion to Preclude the Plaintiffs from Calling ECA executives John Mork and Donald Supcoe to Testify at Trial is **GRANTED**.

By the Court,
s/ ROBERT C. MITCHELL
ROBERT C. MITCHELL
United States Magistrate Judge

cc: Robert C. Sanders, Esquire
William R. Caroselli, Esquire
*Counsel for Plaintiffs*

Kevin C. Abbott, Esquire
Justin H. Werner, Esquire
Nicolle R. Snyder Bagnell, Esquire
Stacey L. Jarrell, Esquire
*Counsel for Defendant*