IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID F. POLLOCK, *as executor of the estate of Margaret F. Pollock,* JOHN T. DIBIASE, JR., JOHN S. FRAYTE, STUART W. WHIPKEY, PATRICIA L. CHRISTOPHER, LOUIS A. VECCHIO and BESSIE P. VECCHIO, BARBARA A. MORRIS; GENE M. VIRGILI and ERIN R. VIRGILI, and LLOYD R. SHAFFER, III, *on behalf of themselves and all others similarly situated,*<br>Plaintiffs,<br><br>vs.<br><br>ENERGY CORPORATION OF AMERICA,<br>Defendant. | Civil Action No. 10-1553<br><br>Magistrate Judge Robert C. Mitchell |

**MEMORANDUM ORDER**

ROBERT C. MITCHELL, United States Magistrate Judge.

Upon consideration of Plaintiffs' motion for an accounting at law [ECF No. 261], Defendant Energy Corporation of America's ("ECA") brief in response [ECF No. 264], Plaintiffs' reply [ECF No. 266] and ECA's sur-reply [ECF No. 270], the Court finds that the interests of the class would not be fulfilled by granting an accounting seeking the exact amount of interstate charges and marketing fees deducted from their royalties. *See* Fed. R. Civ. P. 23(d)(1)(B) (in conducting a class action, a judge may issue orders "to protect class members and fairly conduct the action" including giving notice of "the proposed extent of the judgment"). An accounting seeking this information is costly, would unduly burden ECA and not efficiently lead to reliable information given that ECA estimated the aggregate damages stipulated to at trial, ECA does not maintain records on an individual well basis of the costs incurred between the well meter and point of sale, many of the well-owners have since sold the property interest to non-

1

class third parties, and as ECA predicts, it would take a team of three people two to three months to complete the accounting sought. Insofar as it is Plaintiffs' duty to inform this Court and the class members of how the judgment, if any, will be distributed between the subclasses, exactitude is not the standard; rather, the amount distributed to the subclasses must be "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2).

Accordingly, the following Order is entered:

This 27th day of May, 2015, Plaintiffs' motion for an accounting at law [ECF No. 261] is DENIED.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc:    *Counsel for Plaintiffs*

Robert C. Sanders, Esquire
Law Office of Robert C. Sanders
12051 Old Marlboro Pike
Upper Marlboro, MD 20772

William R. Caroselli, Esquire
David A. McGowan, Esquire
Caroselli, Beachler, McTiernan & Conboy
20 Stanwix Street
Seventh Floor
Pittsburgh, PA 15222

*Counsel for Defendant*

Kevin C. Abbott, Esquire
Justin H. Werner, Esquire
Nicolle R. Snyder Bagnell, Esquire
Stacey L. Jarrell, Esquire
Reed Smith
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716