**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DAVID F. POLLOCK, *as executor of the* )
*estate of Margaret F. Pollock,* JOHN T. )
DIBIASE, JR., JOHN S. FRAYTE, ) Civil Action No. 10-1553
STUART W. WHIPKEY, PATRICIA L. )
CHRISTOPHER, LOUIS A. VECCHIO )
and BESSIE P. VECCHIO, BARBARA A. ) Magistrate Judge Robert C. Mitchell
MORRIS; GENE M. VIRGILI and ERIN )
R. VIRGILI, and LLOYD R. SHAFFER, )
III, *on behalf of themselves and all others* )
*similarly situated,* )
                Plaintiffs, )
                 )
     vs. )
                 )
ENERGY CORPORATION OF )
AMERICA, )
             Defendant. )

## <u>MEMORANDUM OPINION</u>[1]

ROBERT C. MITCHELL, United States Magistrate Judge.

### I. INTRODUCTION

Presently before the Court is Defendant Energy Corporation of America's ("ECA") motion for judgment as a matter of law or alternatively for a new trial pursuant to Federal Rules of Civil Procedure 50 and 59 [ECF No. 240]. Plaintiff class members responded thereto opposing the motion [ECF No. 260]. ECA filed a reply [ECF No. 267] and Plaintiffs filed a sur-reply [ECF No. 268-2]. Therefore, the motion is ripe for disposition. For the reasons that follow, ECA's motions are denied.

### II. BACKGROUND

Because the Court writes primarily for the parties, and the factual background of this case

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

has been extensively discussed in prior opinions issued by the Court, *see Pollock v. Energy Corp. of America*, 2013 WL 5338009 (W.D.Pa. Sept. 16, 2013) *adopted by* 2013 WL 5491736 (W.D.Pa. Sept. 30, 2013) (decision on class certification); *Pollock v. Energy Corp. of America*, 2012 WL 6929174 (W.D.Pa. Oct. 24, 2012) adopted by 2013 WL 275327 (W.D.Pa. Jan. 24, 2013) (decision on motion for summary judgment); *Pollock v. Energy Corp. of America*, 2011 WL 3667289 (W.D.Pa. June 27, 2011) adopted by 2011 WL 3667385 (W.D.Pa. Aug. 22, 2011) (decision on motion to dismiss), only the facts necessary for the disposition of the present motions will be recounted.

Plaintiffs consist of a class of Pennsylvania landowners who entered into oil and gas leases with ECA. Plaintiffs brought this breach of contract action against ECA claiming that ECA improperly deducted interstate transportation charges and marketing fees from Plaintiffs' royalties during the applicable class period. The Court certified two subclasses with respect to the Plaintiffs' claims:

> All lessors on an oil and gas lease with Energy Corporation of America or Eastern American Energy Corporation that conveys oil and gas rights to real property in Pennsylvania, and
>
> (1) the lessee deducted charges for interstate pipeline services between November 22, 2006 and March 26, 2012 (subclass one) and/or
>
> (2) the lessee deducted marketing fees from the royalties between November 22, 2006 and March 26, 2012 (subclass two).

9/30/2013 Order [ECF No. 145]. While the Plaintiffs' lease provisions are not identical, the leases all generally provide that the Plaintiffs are entitled to a royalty of one-eighth of the net proceeds received from the sale of gas. It was also determined that the leases contemplate calculation of royalties by the net-back method which allows ECA to compute royalties as "one-eighth of the sale price of the gas minus one-eighth of the post-production costs of getting the gas to market." Rep. and

Rec. [ECF No. 22] at 14, 10 adopted by Memo. Op. and Order [ECF No. 27].

The Court has previously granted Plaintiffs' summary judgment on liability for interstate transportation charge deductions that were incurred after ECA transferred title of the gas to third party purchasers at the five points where the gas is received into the interstate pipeline system. Rep. and Rec. [ECF No. 92] at 29, *adopted by* Memo. Order [ECF No. 103].[2] The Court found:

> [T]he proper inquiry is the point at which the gas is sold, and not . . . whether ECA actually incurred the interstate pipeline transportation costs. On this point, it is undisputed EMCO buys the gas from ECA. It is also undisputed that, under the terms of the Gas Purchase/Sales Contract, ECA retains title to the gas until it passes to third party purchasers at the five points where the gas is received into the interstate system. Thus the gas is "sold" at these points and ECA cannot recover costs incurred thereafter.

*Ibid*. In further explaining its finding regarding interstate transportation charges, the Court found:

> [T]he significant event concerning the ownership of the gas is the point at which title passes. At that point, ECA legally does not own the gas. The Report and Recommendation identified the points at which title passes based upon the facts presented at the time – those five locations identified by Plaintiffs and admitted to by ECA. If, at trial, ECA can demonstrate that title to Plaintiffs' gas passed from it to third party purchasers at points other than those previously identified during the lawsuit's timeframe, it will have the opportunity to prove the same. . . . Again, if ECA demonstrates that it incurred interstate transportation costs for Plaintiffs' gas while it held title to that gas, under *Kilmer*, these expenses would fall under the category of post-production costs to be shared by Plaintiffs.

Memo. Order [ECF No. 103] at 5-6. While the Court granted summary judgment in Plaintiffs' favor as to the interstate transportation charges as to liability on the facts presented, it explained that at trial ECA was permitted to prove that it incurred these costs while it still held title to the gas.

With respect to the marketing charges deducted from Plaintiffs' royalties, the Court has previously addressed the issue of whether the Pennsylvania Supreme Court's decision in *Kilmer v.*

---

[2] The parties did not originally consent to magistrate judge jurisdiction, but did so after dispositive motions, hence the issuance of a Report and Recommendation and a latter Memorandum Opinion and Order.

*Elexco Land Servs.*, 990 A.2d 1147 (Pa. 2010) allows marketing cost deductions from royalties and which entity, ECA or its marketing subsidiary, EMCO, actually incurred the marketing costs. *See* Rep. and Rec. [ECF No. 92] at 18, *adopted by* Memo. Order [ECF No. 103]. The Court found that under *Kilmer*, post-production costs properly deducted from royalties include marketing costs and transportation charges. *Ibid.*

The Court ultimately denied ECA's motion for summary judgment on the question of whether it was proper for ECA to deduct marketing costs as a post-production cost from the Plaintiffs' royalties and found that the nature of the transactions governed by the contract between ECA and EMCO is ambiguous because while the Gas Purchase/Sales Contract described EMCO as the buyer of the gas, it also provides that EMCO never holds title to the gas. *Ibid.* at 23. Additionally, the Court found that a dispute existed as to "whether the post-formation behavior of the parties constituted an oral modification of the contract." *Ibid.*

A jury trial was held from March 2, 2015 to March 5, 2015. The jury returned a verdict in favor of Plaintiffs on both claims. This Court entered judgment in the amount of $911,922.16 plus prejudgment interest consistent with the verdict.[3] At the close of Plaintiffs' case in chief, ECA moved for judgment as a matter of law pursuant to Federal Rule of 50 which the Court initially took under advisement and subsequently denied. ECA now renews its motions for judgment as a matter of law, more aptly termed a judgment notwithstanding the verdict, and includes a motion for a new trial.

## III.    STANDARD OF REVIEW

---

[3]    The jury was not asked to determine the amount of damages, but only asked to determine whether ECA breached the leases from the conduct complained of by Plaintiffs. The amount of damages was stipulated to by the parties, and because the jury found in favor of Plaintiffs on both counts, the Court entered judgment in the amount of the stipulated amount of damages, or $911,922.16 plus prejudgment interest. *See* Tr. [ECF No. 248] at 45-46; Minute Entry of 3/5/2015 [ECF No. 235].

*a. Federal Rule of Civil Procedure 50*

Under Federal Rule of Civil Procedure 50,

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a). Where a party renews the motion after a verdict has been rendered, the court may: "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b). In determining a motion for judgment notwithstanding the verdict, a court must consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences the jury could have drawn from the evidence. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). A Rule 50(b) motion should only be granted if there is no rational basis for the jury's verdict. *Id.* "More particularly, a judgment notwithstanding the verdict may be granted under Fed. R. Civ. P. 50(b) only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." *Addie v. Kjaer*, 737 F.3d 854, 866 (3d Cir. 2013) (quoting *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 249 (3d Cir. 2001)). Accordingly, a court should grant a party's motion for judgment notwithstanding the verdict "sparingly." *Pitts v. Delaware*, 464 F.3d 151, 155 (3d Cir. 2011).

*b. Federal Rule of Civil Procedure 59*

A motion for a new trial or to alter or amend a judgment under Federal Rule of Civil Procedure 59 may be granted "when the verdict is contrary to the great weight of the evidence; that is where a miscarriage of justice would result if the verdict were to stand," *Pryer v. C.O. 3*

*Slavic*, 251 F.3d 448, 453 (3d Cir. 2001), or "when the court believes the verdict results from jury confusion." *Brown v. Nutrition Mgmt. Servs. Co.*, 370 Fed. App'x 267, 268-70 (3d Cir. 2010). In determining whether a new trial should be granted, the court must draw all reasonable inferences in favor of the party who prevailed at trial. *See Moyer v. United Dominion Indus*., 473 F.3d 532, 545 (3d Cir. 2007).

Although a court has the power to set aside a jury's verdict due to the lack of evidence, the court's power to do so for this reason "is severely circumscribed." *Victor v. Lawler*, 2012 WL 2121331, at *2 (M.D.Pa. June 12, 2012). If the verdict is against the weight of the evidence, a new trial is "proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Greenleaf v. Garlock, Inc*., 174 F.3d 352, 366 (3d Cir. 1999) (citations omitted). *See also Murray v. Morse*, 610 F.2d 149, 152 (3d Cir. 1979) (the verdict must be "so unreasonable as to offend the conscience of the court."). Additionally, where a motion for a new trial is based on insufficient evidence, a new trial is the proper remedy only if "a miscarriage of justice" would occur if the jury's verdict would not be disturbed. *Williamson v. Consolidated Rail Corp*., 926 F.2d 1344, 1353 (3d Cir. 1991).

## IV. DISCUSSION

In order to have a full discussion on the arguments raised by ECA, it is imperative to first provide a background of *Kilmer v. Elexco Land Servs*., Inc., 990 A.2d 1147 (Pa. 2010). Under Pennsylvania law, where a natural gas lease does not otherwise provide, a royalty is the landowner's share of the produced gas free from the expense and cost to produce the gas. *Id*. at 1157. Production expenses not taxed to the landowner include costs incurred in drilling wells and bringing the product to the surface. *Id*. However, a gas producer's post-production costs

which include the costs of transporting the oil or gas from the well-head to the point of sale may be deducted from the landowner's royalties. *Id*. Post-production costs deductible from landowner's royalties include, *inter alia*, costs to market the gas to an end buyer (marketing costs) and charges incurred in transporting the gas to an end buyer on interstate pipeline systems (transportation charges). *Id*. In order for a gas producer to properly deduct post-production charges such as marketing costs and transportation charges, the producer must incur the charges before it sells the gas. A producer may not deduct the post production costs it incurs after it has sold the gas to a third party.

ECA first argues that it is entitled to judgment notwithstanding the verdict because there was insufficient evidence of record for a jury to reasonably conclude that Plaintiffs proved that they did not receive a one-eighth royalty of the net proceeds received by ECA for its sale of gas as required under the leases. The Court rejects this argument. Plaintiffs' theory for recovery was that it was illegal for ECA to deduct post-production charges incurred after it sold the gas. If the jury found that the post-production charges were incurred after the gas was sold and title passed, then ECA was not permitted to deduct the charges under any circumstances and regardless of whether ECA had to absorb the post-production costs. Moreover, the jury received evidence that ECA deducted post-production charges from Plaintiffs royalties. Funds paid for the gas were deposited into an ECA controlled account, and Plaintiffs' royalty statements reflected deductions taken for post-production costs including interstate transportation charges and marketing fees. Accordingly, ECA's argument is rejected.

Next, ECA argues that it is entitled to judgment notwithstanding the verdict because there was insufficient evidence of record for a jury to reasonably conclude that Plaintiffs proved that EMCO deducted post-production costs from Plaintiffs' royalties on behalf of ECA. This

argument is also rejected as it only matters that ECA took any deductions from Plaintiffs royalties and as aforementioned, funds from the sale of gas were deposited into an ECA controlled account and the Plaintiffs' royalty statements reflected a deduction of interstate transportation charges and marketing fees.

ECA next argues that it is entitled to judgment notwithstanding the verdict because there was insufficient evidence for the jury to reasonably conclude that Plaintiffs proved that interstate transportation charges and marketing fees were not incurred by ECA while ECA still held title. This argument conflates the issues before the jury, as the question posed was not whether charges were not incurred by ECA while ECA held title, but rather, whether ECA deducted charges incurred after it sold the gas and title passed OR deducted charges it did not incur. The Court finds that there was sufficient evidence of record for a jury to determine that ECA breached the leases by improperly deducting these post-production charges. Plaintiffs needed to prove by a preponderance that interstate transportation charges and marketing fees were incurred after the gas was sold and title passed. Plaintiffs' expert, Julia Bodamer, testified that title passed at the receipt pool and before any interstate transportation charges were incurred. Tr. [ECF No. 246] at 126. Therefore it was reasonable for the jury to determine it was improper for ECA to deduct interstate transportation charges, as such charges were incurred after title passed to the third party purchasers. As for marketing costs, Plaintiffs needed to prove by a preponderance that these charges were incurred after title passed or that ECA did not incur these charges. The jury received evidence that EMCO, not ECA, incurred the marketing costs when it resold the gas to the third party purchasers, as it was EMCO who incurred these marketing costs when it owned the gas under the long term sales contract between ECA and EMCO and it incurred these charges to resell the gas to the end user. Therefore, it was reasonable for the jury

to conclude that ECA never incurred marketing fees for it to properly deduct said charges from Plaintiffs' royalties. *See* Tr. [ECF No. 246] at 16-18 (O'Malley testimony indicating that EMCO incurred the marketing charges).

Lastly, ECA argues that it is entitled to judgment notwithstanding the verdict because there was insufficient evidence of record for the jury to reasonably conclude that the Plaintiffs proved the amount of royalties received from the sales to EMCO was less than they would have received if the gas has been sold directly to an end user. This argument is rejected as it ignores the issues in this case. Plaintiffs did not have to prove what ECA is arguing here – they only needed to prove that the deductions were improper as they were incurred after the gas was sold, and thus could not be deducted from Plaintiffs' royalties regardless if ECA directly sold its gas directly to an end user.

Accordingly, ECA's motion for judgment notwithstanding the verdict is denied.

Additionally, ECA moves for a new trial by arguing that this Court should not have permitted Plaintiffs' expert Julia Bodamer to testify as an expert as to where title passed. This Court previously held that Julia Bodamer was sufficiently qualified to present expert testimony regarding the oil and gas industry and any attempt to distinguish her testimony could be done on cross examination. Because this issue has already been determined by the Court, it will be treated as one for reconsideration. A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Kulesa v. Rex*, 519 Fed. App'x 743 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). In determining whether there was a clear error of law or to prevent manifest injustice, the motion must be based "on arguments that were previously raised

but were overlooked by the Court." *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D.Pa. 2003). A motion for reconsideration "is not the proper vehicle to merely attempt to convince the court to rethink a decision it has already made[.]" *Colon v. Colonial Intermediate Unit 20*, 443 F.Supp.2d 659, 667 (M.D.Pa. 2006) (citations omitted). Here, ECA is petitioning this Court to rethink a decision it has already made, namely to allow Plaintiffs' expert Julia Bodamer to testify as an expert in the oil and gas industry and as to when title passed. This Court will not "rethink what [it has] already though through rightly or wrongly[,]" *Scarnati v. Soc. Sec.*, 2013 WL 2253159, at *1 (W.D.Pa. May 22, 2013) (citations omitted), and denies ECA's motion for reconsideration of allowing Julia Bodamer to testify as to when title passed.

## V. CONCLUSION

For the reasons stated ECA's motion for judgment as a matter of law and motion for a new trial are DENIED. An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID F. POLLOCK, *as executor of the* | ) | |
| *estate of Margaret F. Pollock,* JOHN T. | ) | |
| DIBIASE, JR., JOHN S. FRAYTE, | ) | Civil Action No. 10-1553 |
| STUART W. WHIPKEY, PATRICIA L. | ) | |
| CHRISTOPHER, LOUIS A. VECCHIO | ) | |
| and BESSIE P. VECCHIO, BARBARA A. | ) | Magistrate Judge Robert C. Mitchell |
| MORRIS; GENE M. VIRGILI and ERIN | ) | |
| R. VIRGILI, and LLOYD R. SHAFFER, | ) | |
| III, *on behalf of themselves and all others* | ) | |
| *similarly situated,* | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ENERGY CORPORATION OF | ) | |
| AMERICA, | ) | |
| Defendant. | ) | |

**O R D E R**

AND NOW, this 18th day of June, 2015, Defendant Energy Corporation of America's

Motion for Judgment as a Matter of Law and Motion for New Trial [ECF No. 240] are DENIED.


s/ ROBERT C. MITCHELL
ROBERT C. MITCHELL
United States Magistrate Judge


cc:     *Counsel for Plaintiffs*

Robert C. Sanders, Esquire
Law Office of Robert C. Sanders
12051 Old Marlboro Pike
Upper Marlboro, MD 20772

William R. Caroselli, Esquire
David A. McGowan, Esquire
Caroselli, Beachler, McTiernan & Conboy
20 Stanwix Street
Seventh Floor

Pittsburgh, PA 15222

*Counsel for Defendant*

Kevin C. Abbott, Esquire
Justin H. Werner, Esquire
Nicolle R. Snyder Bagnell, Esquire
Stacey L. Jarrell, Esquire
Reed Smith
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716